### R. BREIDEGAM v. ENTERPRISE SAV. ASS'N.

APPEAL BY SOLOMON CLOSE FROM THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 4, 1891—Decided March 23, 1891.

On the distribution of the balance in the hands of a receiver, the master found that an order, presented for allowance, had been paid and surrendered to the company liable therefor; the finding having been approved by the court below on exceptions thereto, the decree was affirmed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 335 January Term 1891, Sup. Ct.; court below, No. 406 Equity D. 1886, C. P.

On January 31, 1890, the second and final account of G. W. Harrison and Caleb Rhoads, receivers of the property, etc., of the Enterprise Savings Ass'n of Birdsboro, duly appointed under proceedings by bill in equity filed to the number and term of the court below, stated above, was referred to *Mr. H. C. G. Reiber*, master, to report distribution.

Solomon Close, trustee for Lydia Kerst, made claim before the master for $1,747, balance alleged to be due on order No. 275, dated April 28, 1872, for $2,747, given by the asso-

ciation, in settlement for certain loans and shares of stock, to Samuel M. Harrison, and the right to said balance afterwards vested in said trustee. During the hearing, the balance sought to be proved was reduced by credits admitted to $477.45, and the right to claim upon the reduced balance was supported for the claimant by the testimony of Samuel M. Harrison, the original payee of the order. As to this claim, the master found and reported that Mr. Harrison had received the balance due, to wit $477.45, and had surrendered the order to the treasurer of the association, "who made the following indorsement thereon: 'Received, May 28, 1881, balance due on the within order.'"

Exceptions filed by the claimant were overruled by the master and renewed on the filing of the report. After argument thereof, the court, ERMENTROUT, P. J., filed an opinion in part as follows:

By virtue of assignments of stock in the association, the trustee of Lydia Kerst became vested with the rights of Samuel M. Harrison, and could acquire no greater rights. The foundation of the claim is the order No. 275.

The first claim made was for $1,747 as the balance due on order. Subsequently, this claim was modified, and all that was claimed to be due was $477.45. . . . .

The order No. 275, is in possession of the association, and the last entry thereon made, "Received, May 28, 1881, balance due on the within order," in the handwriting of Hain, the treasurer, is conclusive, unexplained. Samuel Harrison, placed upon the stand, attempts to controvert the effect of its surrender to the association, and denies the receipt of $477.45. The master did not believe him. Of his credibility the master was a competent judge, and we see nothing either in the facts or circumstances of the case to show error on his part. The appearance of the witness, the manner of his testifying, coupled with what he said and what he did not recollect, were probably of such a nature as to justify discrediting him. In this he did not exceed his authority, as will be perceived by reading the case. . . . .

— A final decree being entered dismissing the exceptions and confirming the master's report, the claimant took this ap-

peal, specifying that the court erred: In entering the final decree, and in not allowing the exceptant's claim.

*Mr. D. E. Schroeder*, for the appellant.

*Mr. Daniel Ermentrout* and *Mr. C. H. Ruhl*, for the appellees, were not heard.

PER CURIAM:

There was nothing here but a single disputed question of fact, which has been found against the appellant by the master and the court below. On the one hand, there was the receipt for the balance due on order No. 275, indorsed on the back thereof in the handwriting of the treasurer, the order itself being in the possession of the association. This was prima facie evidence of payment. There was nothing to contradict this except the explanation of Samuel M. Harrison, and the master did not believe him. How can we say he was wrong in this?

The decree is affirmed, and the appeal dismissed, at the costs of the appellant.